**Affirmed and Opinion Filed October 8, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00862-CR

### WALTER LAMONTE MOORE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F12-51041-K**

# OPINION

Before Justices FitzGerald, Fillmore, and Stoddart
Opinion by Justice FitzGerald

A jury found appellant guilty of aggravated assault with a deadly weapon and sentenced him to thirty-eight years' imprisonment. In three issues on appeal, appellant argues the trial court erred in admitting two instances of testimony concerning extraneous offenses and there is insufficient evidence to support the trial court's order to pay costs. Concluding appellant's arguments are without merit, we affirm the trial court's judgment.

## BACKGROUND

Shiva Daniels was shot twice by a shotgun at close range while she sat in her car outside her place of employment. Daniels identified appellant, with whom she had an "on again off again" relationship, as the shooter. Appellant did not deny shooting Daniels, but he testified that due to his impaired mental and emotional state, he did not remember the shooting. Appellant was

upset because he was being denied access to two children he had cared for, and prior to a paternity test, thought were his. After the shooting, Daniels required surgery four times to remove the dead tissue from her arm, and she required skin grafts that left permanent scars.

## ANALYSIS

### *Extraneous Offense Testimony*

In his first two issues, appellant asserts the trial court abused its discretion by admitting extraneous offense testimony during the guilt/innocence phase of trial. The first instance occurred during the cross-examination of Garland police officer Jared Oliver. The complained-of testimony is as follows:

> **Defense Counsel**: Officer, what day of the week was this? You need to see the report?
>
> **Officer Oliver**: January 5, 2012. I don't know the day.
>
> **Defense Counsel**: Did she mention anything to you—did you have any knowledge of any court hearings anything of that sort?
>
> **Officer Oliver**: No, sir. The only thing that she mentioned in regards to that was that she had filed cases on him in the past on unrelated offenses.
>
> **Defense Counsel**: I ask that that be stricken from the record, Your Honor.
>
> **The Court**: Overruled.

To preserve a complaint for appellate review, the record must show appellant made a timely request, objection, or motion that stated the grounds for the ruling with sufficient specificity to make the trial court aware of the complaint, unless the grounds were apparent from the context, and obtained a ruling.[1] Here, there is nothing to indicate the nature of appellant's complaint or the basis for requesting that the testimony be stricken from the record. As a result, nothing has been preserved for our review.[2] Appellant's first issue is overruled.

---

[1] *See* TEX. R. APP. P. 33.1(a); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

[2] *See* TEX. R. APP. P. 33.1.

Appellant further complains that the trial court erred in allowing Daniels to testify, over objection, that her car was vandalized several times before the shooting. Daniels testified:

> **Prosecutor**: Did your vehicle — after you broke it off with him, did your vehicle start getting vandalized?
>
> **Daniels**: Yes, sir.
>
> **Prosecutor**: Okay. What happened to your vehicle?
>
> **Daniels**: On several occasions my tires were slashed and my license plates were missing.
>
> **Defense Counsel**: Judge, I'm going to object to relevance.
>
> **The Court**: Overruled.
>
> **Defense Counsel**: (Inaudible) my client
>
> **The Court**: Overruled.

Although appellant's trial objection was relevance, he now asserts the trial court erred by admitting extraneous offense testimony. It is well-established, however, that the appellate complaint must comport with the specific objection made at trial; otherwise any error is waived.[3] An objection stating one legal theory may not be utilized to support a different legal theory on appeal.[4]

Moreover, the State subsequently elicited further testimony from Daniels about the vandalism without further objection from appellant. When the same testimony is admitted without objection elsewhere during trial, a defendant waives any complaint he may have had regarding the admissibility of the testimony.[5] Because appellant's complaint does not comport with his trial objection and because appellant failed to object each time the State offered the

---

[3] *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009); *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009) (same); *Wilson v. State*, 71 S.W.3d 346, 348–49 (Tex. Crim. App. 2002) (same).

[4] *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).

[5] *Lane v. State*, 151 S.W.3d 188, 192–93 (Tex. Crim. App. 2004).

objectionable evidence, he failed to preserve any alleged error for our review.[6] Appellant's second issue is overruled.

*Costs*

In his third issue, appellant asserts the clerk's record does not contain a proper bill of costs and, thus, the evidence is insufficient to support the court's order assessing $264 in costs. The record before us does contain a bill of costs supporting the assessment of costs in the trial court's judgment. Appellant's complaints have been addressed and rejected.[7] Appellant's third issue is overruled.

Having resolved all of appellant's issues against him, we affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47
130862F.U05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

---

[6] *See* TEX. R. APP. P. 33.1.

[7] *See Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014) (holding that "a bill of costs is a relevant item that if omitted from the record, can be prepared and added to the record via a supplemental clerk's record"); *Coronel v. State*, 416 S.W.3d 550, 555–56 (Tex. App.—Dallas 2013, pet. ref'd).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WALTER LAMONTE MOORE, Appellant

No. 05-13-00862-CR　　　V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 4, Dallas County, Texas
Trial Court Cause No. F12-51041-K.
Opinion delivered by Justice FitzGerald.
Justices Fillmore and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 8, 2014.